## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ALMAS CAVIAR AMERICA, LLC ,　　　　　)　　　Civil Docket No.
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　　)　　　**VERIFIED COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　)
OLMA-XXI, INC.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

-----------------------------------------------------------------

Plaintiff, Almas Caviar America, LLC ("Plaintiff" or "Almas"), by and through its

attorneys, Braunfotel & Frendel, LLC, as and for its Verified Complaint against Defendant,

OLMA-XXI, Inc. ("Defendant" or "Olma"), respectfully alleges as follows:

### THE PARTIES

1.　　　Plaintiff is a limited liability corporation, organized and existing under the laws of

the State of New Jersey, with its principal place of business at 64 North Browning Avenue,

Tenafly, New Jersey 07670.

2.　　　Plaintiff is and has been in the business of importing and selling caviar since

2012.

3.　　　Jung Shin Chu ("Mrs. Chu") is the President of Almas.

4.　　　Byeong Won Chu ("Mr. Chu") was one of the principals of Plaintiff authorized to

enter into agreements on behalf of Almas. He passed away on September 4, 2016.

5.　　　Upon information and belief, Defendant is a corporation, organized and existing

under the laws of the State of New York, with its principal place of business at 204 28th Street,

Brooklyn, New York 11232.

6.　　　Upon information and belief, Defendant is and has been in the business of

producing, packing, importing, exporting and selling caviar and other foods since 2001. https://olmafood.com/about-us.

7.      Upon information and belief, Igor Eliachov ("Mr. Eliachov") is Defendant's President and CEO.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this district and a substantial part of the events giving rise to the claims herein occurred in this district.

## BACKGROUND

10.      Defendant has been purchasing caviar from Plaintiff since 2013.

11.      In 2013, Defendant purchased seven (7) kilograms (kgs) of caviar from Plaintiff.

12.      In 2014, Defendant purchased sixty-eight (68) kgs of caviar from Plaintiff.

13.      In 2015, prior to the parties' execution of the agreement which is the subject of the action herein, Defendant had purchased thirty-five (35) kgs of caviar from Plaintiff.

## STATEMENT OF FACTS

*The Agreement dated September 24, 2015 Between Almas and Olma:*

14.      On September 24, 2015, the parties, acting through Mr. Chu and Mr. Eliachov, executed an agreement pursuant to which Defendant agreed to purchase one thousand (1,000) kgs of caviar (830 kgs of Siberian Osetra (Acipenser Baerii) and 170 kgs of Beluga Hybrid (Huso huso(x) x Acipenser Ruthenus(y)) from Plaintiff at a reduced price (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

15.     The reduced price as set forth in the Agreement was contingent upon Defendant's purchase of 1,000 kgs of caviar.

16.     Specifically, Plaintiff reduced the price for the Siberian Osetra from $600/kg (the "usual and customary price") to $295/kg (the "contract price").

17.     The price for the Beluga Hybrid remained at $1,500/kg.

18.     Pursuant to the terms of the Agreement, the parties agreed that Plaintiff would deliver caviar in six shipments throughout the course of 2015-2016.

19.     Pursuant to the terms of the Agreement, Defendant agreed to make payment for each shipment at the time of delivery, within thirty (30) days of delivery or within three (3) months of delivery.

20.     Pursuant to the terms of the Agreement, the parties agreed that with regards to inspection of the caviar that was delivered: "All quantities will not be inspected as delivered. A sample will be selected by the buyer OLMA XXI and will be inspected in the presence of buyer and seller at the time of delivery".

21.     After execution of the Agreement, the parties executed three written addenda to the Agreement for the sole purpose of adjusting the dates of delivery and payment, which were incorporated into the Agreement. No other terms or conditions of the Agreement were modified or changed in any way. A true and correct copy of the addenda is attached hereto as **Exhibit B**.

22.     After execution of the addenda, the parties entered into further agreement to adjust the dates of delivery and payment, subject to all other terms and conditions in the Agreement, which remained unchanged.

23.     Delivery and payment on the first three shipments were made in 2015 and early 2016.

*The Fourth Shipment:*

24.     The parties agreed that the fourth shipment would be delivered in two parts. A true and correct copy of the email correspondence between the parties reflecting this agreement is attached hereto as **Exhibit C**.

25.     As agreed, Plaintiff delivered the first portion of the fourth shipment (30 kgs of Siberian Osetra and 10 kgs of Beluga Hybrid) to Defendant at its principal place of business on January 11, 2016.

26.     At the time of delivery, Defendant issued a check to Plaintiff for the first portion of the fourth shipment in the amount of $23,850.00, made payable on April 15, 2016.

27.     As agreed, Plaintiff delivered the second portion of the fourth shipment (170 kgs of Siberian Osetra and 20 kgs of Beluga Hybrid) to Defendant at its principal place of business on May 18, 2016 (the "May 18, 2016 shipment").

28.     Consistent with the Agreement and the parties' prior practice, at the time of delivery of the May 18, 2016 shipment, Mr. Eliachov conducted an inspection of the goods.

29.     Following the inspection, Mr. Eliachov approved the goods and asked for the invoice.

30.     Mrs. Chu handed Mr. Eliachov invoice #160518, which sets forth the amount owed, $80,150.00, for the May 18, 2016 shipment. A true and correct copy of the invoice is attached hereto as **Exhibit D**.

31.     Mr. Eliachov accepted the invoice and wrote a check drawn on Defendant's account to Plaintiff in the amount of $80,150.00 as payment, requesting that it be deposited no earlier than September 15, 2016. Mr. Eliachov noted on the check that it was payment for invoice #160518. A true and correct copy of the check is attached hereto as **Exhibit E**.

32.     On or around September 12, 2016, Defendant acknowledged the debt and sought

an extension of time of "2-3 months" in which to make its payment on the May 18, 2016 shipment. A true and correct copy of Defendant's request via text message is attached hereto as **Exhibit F**.

33.    Plaintiff responded by requesting Defendant to make a partial payment on September 15, 2016.

34.    Defendant did not respond to Plaintiff's request.

35.    On October 7, 2016, Defendant again acknowledged and reaffirmed the debt and sought a further extension of time in which to make its payment on the May 18, 2016 shipment. Defendant sought to extend the payment date to December 15, 2016. A true and correct copy of Defendant's request via text message is attached hereto as **Exhibit G**.

36.    Plaintiff agreed to extend the time to pay as requested to December 15, 2016.

*Defendant's Non-Payment and Breach of the Agreement:*

37.    On December 1, 2016, approximately seven months after delivery and acceptance of the May 18, 2016 shipment and fourteen days prior to the extended date on which Defendant's payment was due, Defendant sent a letter via email to Plaintiff. A true and correct copy of the letter sent to Plaintiff is attached hereto as **Exhibit H**.

38.    In the letter, Defendant sought to return or exchange the May 18, 2016 shipment.

39.    By letter dated December 11, 2016, Plaintiff rejected Defendant's request to return or exchange the goods. A true and correct copy of the letter sent to Defendant via email is attached hereto as **Exhibit I**.

40.    Plaintiff advised Defendant that Plaintiff would not accept a return, particularly in light of the extensive amount of time Defendant had retained the goods after it had approved and accepted them.

41.    Plaintiff also reminded Defendant of its return policy, which is written on each

invoice accepted by Defendant. Each invoice states: "Hand-delivered products must be immediately inspected before both parties (purchaser and supplier) and, once the purchaser is satisfied, no return of the product is allowed for refund".

42.    Defendant did not respond.

43.    On December 15, 2016, after notifying Defendant via text message, Plaintiff deposited the check for $80,150.00, which Defendant had previously given to Plaintiff on May 18, 2016 for the payment due on the May 18, 2016 shipment. A true and correct copy of the text message is attached hereto as **Exhibit J**.

44.    By email later that day, Defendant again demanded a refund or an exchange, and stated that: "Our payment for the last shipment will remain on hold until you issue your decision on this matter". A true and correct copy of the email is attached hereto as **Exhibit K**.

45.    On December 20, 2016, Defendant's check was returned by the bank with a notice which stated that: "This check was returned unpaid because your Payor has asked to stop the payment." A true and correct copy of the bank notice is attached hereto as **Exhibit L**.

46.    On January 10, 2017, Plaintiff sent Defendant a demand letter seeking the full amount owed on the May 18, 2016 shipment. A true and correct copy of the demand letter sent by first class and certified mail is attached hereto as **Exhibit M**.

47.    To date, Defendant has failed and refused to make any payment on the May 18, 2016 shipment.

### *Defendant's Anticipatory Breach of the Fifth and Sixth Shipments:*

48.    Pursuant to the Agreement, Plaintiff sought to make its delivery of the fifth shipment in October 2016. However, Defendant refused to accept delivery because it was allegedly over-stocked and requested that the delivery not be made until December 2016. A true and correct copy of the text message is attached hereto as **Exhibit G**.

49.     The parties have had no further discussion regarding delivery of the fifth or sixth shipments, the final two shipments left to be made under the Agreement.

50.     Plaintiff is ready, willing and able to continue with the Agreement upon full payment by Defendant for the May 18, 2016 shipment.

51.     However, Defendant's actions clearly evince a refusal to continue performing on the Agreement.

## COUNT I - BREACH OF CONTRACT

52.     Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

53.     The Agreement is a valid and binding agreement between Plaintiff and Defendant.

54.     Plaintiff performed pursuant to the terms of the Agreement by delivering the May 18, 2016 shipment to Defendant.

55.     Defendant accepted the May 18, 2016 shipment.

56.     Defendant breached the Agreement by failing to make any payment on the May 18, 2016 shipment.

57.     Plaintiff has suffered, and will continue to suffer, damages as a direct result of Defendant's breach of the Agreement.

58.     By reason of the foregoing, Defendant is indebted to Plaintiff in the sum of $80,150.00.

59.     Plaintiff is entitled to damages from Defendant's breach of the Agreement in an amount not less than $80,150.00, together with interest from the date that the payment should have been made, plus costs and expenses.

## COUNT II - ACCOUNT STATED

60.     Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of this

Verified Complaint as if fully set forth herein.

61.     At the time of delivery of the May 18, 2016 shipment, Mrs. Chu hand-delivered to Mr. Eliachov invoice #160518 covering the May 18, 2016 shipment.

62.     This was consistent with prior dealings between the parties.

63.     Mr. Eliachov received and retained invoice #160518 without protest or objection to its accuracy and validity.

64.     Mr. Eliachov affirmed the accuracy and validity of invoice #160518 by writing a check drawn on Defendant's account to Plaintiff in the amount of $80,150.00, the full amount owed under the invoice, and noting on the check that it was payment for said invoice.

65.     By reason of the foregoing, Defendant is liable and indebted to Plaintiff based on an account rendered and stated in the sum of $80,150.00, together with interest from the date that the payment should have been made, plus costs and expenses.

## COUNT III - ACTION FOR THE PRICE UNDER NY UCC § 2-709

66.     Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

67.     The Agreement is for the sale of goods and is therefore governed by Article 2 of the Uniform Commercial Code ("UCC"), as adopted by the State of New York.

68.     The parties are "merchants" as that term is defined pursuant to NY UCC § 2-104.

69.     The caviar sold by Plaintiff to Defendant constitute "goods" as that term is defined pursuant to NY UCC § 2-105.

70.     Defendant, a buyer of goods, accepted and retained the goods delivered to it by Plaintiff, the seller of said goods, on May 18, 2016.

71.     Plaintiff tendered, and Defendant accepted and retained, $80,150.00 worth of caviar, at the prices agreed upon by the parties and as stated in the Agreement and invoice

attached hereto.

72.    Defendant has not paid any of the $80,150.00 owed to Plaintiff for the goods delivered on May 18, 2016.

73.    Section 2-709 of the NY UCC provides:

> (1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price
>    (a) of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer;

74.    Defendant has repeatedly failed to pay the price of such goods as they came due to Plaintiff on December 15, 2016.

75.    As such, pursuant to NY UCC § 2-709, Plaintiff is entitled to recover the full amount of the agreed-upon, unpaid price owed to Plaintiff by Defendant on the May 18, 2016 shipment.

76.    By reason of the foregoing, Defendant is indebted to Plaintiff in the sum of $80,150.00, together with interest from the date that the payment should have been made, plus costs and expenses.

## COUNT IV - UNJUST ENRICHMENT
### (May 18, 2016 Shipment)

77.    Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

78.    Defendant was unjustly enriched at Plaintiff's expense, as it accepted goods for which it did not make any payment.

79.    As a result, Plaintiff has sustained harm, loss and damages in the amount of $80,150.00, together with interest from the date that the payment should have been made, plus costs and expenses.

80.    It is against equity and good conscience to permit Defendant to retain the payment that was due to Plaintiff.

## COUNT V - ANTICIPATORY BREACH OF CONTRACT UNDER NY UCC § 2-610

81.    Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

82.    Plaintiff has fully performed pursuant to the terms of the Agreement by delivering the May 18, 2016 shipment to Defendant.

83.    Defendant has refused to pay for said goods which Plaintiff tendered and Defendant accepted.

84.    Defendant has refused to accept further delivery of shipments under the Agreement.

85.    Defendant's refusal to pay for the May 18, 2016 shipment and accept further delivery under the Agreement constitutes an overt communication of a positive and unequivocal intention not to perform.

86.    Such refusal also constitutes an action which renders performance impossible or demonstrates a clear determination by Defendant not to continue with performance.

87.    Plaintiff reduced the price of the caviar (Siberian Osetra) based upon Defendant's agreement to purchase 1,000 kgs (830 kgs of Siberian Osetra and 170 kgs of Beluga Hybrid) of caviar.

88.    The shipments under the Agreement are interdependent and breach of one shipment is breach of the whole Agreement.

89.    By Defendant's failure to pay for the May 18, 2016 shipment and accept delivery of the fifth and sixth shipments, Defendant has obtained goods from Plaintiff at a much lower price than the market price and the usual and customary price for the goods.

90.    Pursuant to Section 2-610 of the NY UCC, Defendant has thus repudiated the Agreement in a manner that substantially impairs the value of the entire Agreement.

91.    Defendant is therefore in anticipatory breach of its obligations under the Agreement.

92.    As a direct and proximate result of Defendant's anticipatory breach of the Agreement, Plaintiff has suffered damages of lost profits on the fifth and sixth shipments under the Agreement in an amount to be determined at trial, together with interest from the date that the payment should have been made, plus costs and expenses.

## COUNT VI – UNJUST ENRICHMENT
### (Difference Between the Usual and Customary Price and the Contract Price under the Agreement)

93.    Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of the Verified Complaint as if fully set forth herein.

94.    Defendant was unjustly enriched at Plaintiff's expense, as it benefitted from the reduced contract price under the Agreement on the first four shipments without fulfilling its end of the bargain.

95.    Pursuant to the terms of the Agreement, the usual and customary price of $600/kg for the Siberian Osetra was reduced to the contract price of $295/kg, upon the condition that Defendant purchase 1,000 kgs (830 kgs of Siberian Osetra and 170 kgs of Beluga Hybrid) of caviar from Plaintiff.

96.    Defendant has not purchased 1,000 kgs of caviar from Plaintiff, and as such, is not entitled to the reduced contract price.

97.    To date, Defendant has purchased and/or accepted 537 kgs of Siberian Osetra (including the 170 kgs contained in the May 18, 2016 shipment) from Plaintiff at the price of $295/kg.

98.     At the usual and customary price for the Siberian Osetra, Defendant would have paid $322,200.00 ($600/kg x 537 kgs).

99.     At the contract price for the Siberian Osetra, Defendant would have paid $158,415.00 ($295/kg x 537 kgs).

100.     The difference between the price Defendant would have paid under the usual and customary price and the contract price equals $163,785.00 ($322,200.00 – $158,415.00).

101.     As a result, Plaintiff has sustained harm, loss and damages in the amount of $163,785.00, together with interest from the date that payment should have been made, plus costs and expenses.

102.     It is against equity and good conscience to permit Defendant to retain the benefit of the reduced contract price under the Agreement when it has not fulfilled its end of the bargain.

## COUNT VII - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

103.     Plaintiff repeats and re-alleges the allegations in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

104.     The parties to an agreement have an implied duty of good faith and fair dealing at all times in carrying out the terms of their agreement.

105.     Defendant entered into the Agreement with Plaintiff.

106.     Defendant was required to exercise the utmost good faith and to deal fairly at all times with Plaintiff in carrying out the terms of the Agreement by reason of the implied covenant of good faith and fair dealing.

107.     By Defendant's repeated failure to pay for the May 18, 2016 shipment as required by the Agreement, Defendant significantly impaired the benefit of its agreement with Plaintiff and has breached the implied covenant of good faith and fair dealing, thereby causing and continuing to cause, Plaintiff substantial damage.

108.    By reason of the foregoing, Defendant is indebted to Plaintiff in the sum of $80,150.00, together with interest from the date that the payment should have been made, plus costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Almas Caviar America, LLC, demands judgment against Defendant, OLMA XXI-Inc., as follows:

A.    For a judgment that Defendant breached the Agreement by failing to make any payment on the May 18, 2016 shipment and awarding Plaintiff damages in the amount of $80,150.00 under Count I – Breach of Contract;

B.    For a judgment that Defendant is liable and indebted to Plaintiff for the full amount owed on the account rendered and stated for the May 18, 2016 shipment and awarding Plaintiff damages in the amount of $80,150.00 under Count II – Account Stated;

C.    For a judgment that Plaintiff is entitled to the full amount of the agreed-upon, unpaid price owed by Defendant on the May 18, 2016 shipment pursuant to NY UCC § 2-709 and awarding Plaintiff damages in the amount of $80,150.00 under Count III – Action for the Price Under NY UCC § 2-709;

D.    For a judgment that Defendant has been unjustly enriched at Plaintiff's expense and awarding Plaintiff damages in the amount of $80,150.00 for the May 18, 2016 shipment under Count IV – Unjust Enrichment;

E.    For a judgment that Defendant anticipatorily breached the Agreement and awarding Plaintiff damages of lost profits on the fifth and sixth shipments under the Agreement in an amount to be determined at trial under Count V – Anticipatory Breach of Contract Under NY UCC § 2-610;

F.    For a judgment that Defendant has been unjustly enriched at Plaintiff's expense

and awarding Plaintiff damages in the amount of $163,785.00 as the difference between the usual and customary price and the contract price for the first four shipments under the Agreement under Count VI – Unjust Enrichment;

G.       For a judgment that Defendant breached the implied covenant of good faith and fair dealing and awarding Plaintiff damages in the amount of $80,150.00 for the May 18, 2016 shipment under Count VII – Breach of Implied Covenant of Good Faith and Fair Dealing;

H.       For a judgment that Plaintiff is entitled to pre-judgment interest accruing from December 15, 2016 pursuant to CPLR § 5001; and

I.       For a judgment awarding Plaintiff costs and disbursements of this action and for such other, further and different relief as the Court deems just and proper.

Dated: February 28, 2017
      New City, New York

                                   Keith I. Braunfotel, Esq.
                                   Braunfotel & Frendel, LLC
                                   *Attorneys for Plaintiff*
                                   49 Maple Ave.
                                   New City, NY 10956

## VERIFICATION

STATE OF NEW YORK       )
                             ) s.s.:
COUNTY OF ROCKLAND    )

Jung Shin Chu, being duly sworn, deposes and says:

      I am the President of Plaintiff, Almas Caviar America, LLC, in the above captioned case. I have read the foregoing Verified Complaint, and know it to be true except as to those statements made upon information and belief, which I believe to be true on the basis of Plaintiff's books and records, and other information.

Dated: __2-28-17__

                                               _Jung Shin Chu_
                                               Jung Shin Chu

Sworn to before me
this __28th__ day of __February__
_Alyssa Bianco_
Notary Public

ALYSSA BIANCO
Notary Public, State of New York
Registration #01BI6320841
Qualified in Rockland County
Commission Expires March 9, 2019

EXHIBIT A

## AGREEMENT

This agreement for the sale of caviar is made on September/ 2 4 /, 2015.

1. Buyer: OLMA XXI Inc.
   Address: 204 28th St., Brooklyn, NY 11232, U.S.A.

2. Seller: Almas Caviar Co., Ltd.,
   Address: 537-2, Oseok-ree, Geumga-Myeon, Chungju-si, Chungbuk, (Republic of Korea): Almas Caviar America, LLC, (branch in U.S.A.) at 64 N. Browning Ave., Tenafly, NJ, U.S.A.

3. Subject Matter:
   1) Siberian Osetra (Acipenser Baerii);
   2) Beluga hybrid [ Huso Huso (x)  x  Acipenser Ruthenus (y)]

4. Quantity
OLMA XXI will buy 1000kg [(830-7) kg of Siberian; 170kg of Beluga hybrid]

Because, on 9/17/2015, OLMA IV asked Almas to lower the price of the existing Siberian 7kg in OLMA XXI's inventory, which OLMA XXI had already bought at the price of $ 600 kg down to $ 295, 7kg will be subtracted from all 830 kg of Siberian into 823kg ($2,135 will be subtracted from $29,750, payment of 1st delivery);

Therefore, OLMA XXI will buy:

Quantity of Siberian: 823kg
Quantity of Beluga hybrid: 170kg

5. Price
On condition that OLMA XXI will buy 1000kg as set forth in #4 above, the price of Siberian has gone down from $600/kg to $295/kg and the price of Beluga hybrid is the same as $1500/kg;
So, OLMA XXI will pay to Almas:

Siberian: 823kg x $ 295= $242,785
Beluga hybrid: 170kg x $ 1500= $255,000

Total: $ 497,785

6. Delivery
Caviar will come, **consecutively**, in the way of one after another (Delivery will include **Siberian and Beluga hybrid** together). Consecutive shipments will be made until all shipments totaling 1000kg have been completed.

7. Time of Delivery and Payment

(1) 1st delivery
Time: until 10/5/2015
Quantity: 60kg (Siberian: 50kg + Beluga hybrid: 10kg)
Payment: Igor will pay at the same time of delivery

*10/8/2015*
*fully delivered/*
*fully paid*
*signed by*
*PAID*

(2) 2nd delivery
Time: until 11/5/2015
Quantity: 100kg (Siberian: 80kg + Beluga hybrid: 20kg)
Payment: Igor will pay at the same time of delivery

*10/26/2015*
*fully delivered*
*fully paid*
*signed by*
*PAID*

(3) 3rd delivery
Time: until 12/5/2015
Quantity: 230kg (Siberian: 200kg + Beluga hybrid: 30kg)
Payment: Igor will pay in three (3) installments after delivery:
(in10 days after delivery + in 10 days + in 10 days)

*see revised agreement*
*of 11/20/2015*

(4) 4th delivery
Time: until 1/15/2016
Quantity: 230kg (Siberian: 200kg + Beluga hybrid: 30kg)
Payment: Igor will pay at the same time of delivery; otherwise, Igor
will pay within three (3) months after the end of last delivery.

(5) 5th delivery
Time: until 2/15/2016
Quantity: 230kg (Siberian: 200kg + Beluga hybrid: 30kg)
Payment: Igor will pay at the same time of delivery; otherwise, Igor
will pay within three (3) months after the end of last delivery.

(6) 6th delivery
Time: until 3/15/2015
Quantity: 143kg (Siberian: 93kg + Beluga hybrid: 50kg)
Payment: Igor will pay at the same time of delivery; otherwise, Igor
will pay within three (3) months after the end of last delivery.

8. The scheduled dates above can be updated for the earlier delivery if OLMAXXI needs
under the circumstances.

9. No refusal to receive or deliver caviar

During the delivery of caviar, either party will **not** make refusal to receive or deliver caviar.

For example, if OLMA XXI is delivered 200kg or 500kg, OLMA XXI or Almas must **not** tell that either party will refuse to receive or deliver the remaining caviar.

10. Inspection of caviar

All quantities will not be inspected as delivered. A sample will be selected by the buyer OLMA XXI and will be inspected in the presence of buyer and seller at the time of delivery.

11. If OLMA XXI needs 10kg or 15kg of Siberian before 1st delivery, the same quantity **will be lent** from existing stock in Almas in U.S.A.   *delivered on 9/24/2015 I.E.*

Both parties (OLMA XXI and Almas) have fully discussed this matter in reliance on the trust of each other and in good faith and fully understand this agreement.

Therefore,

IN WITNESS THEREOF, the parties hereto execute this agreement by signing as of the day_____ and year 2015, by both parties' duly authorized officers.

For and on behalf of

OLMA XXI

_____

Name: Mr. Igor Eliachov

Position: President and CEO

For and on behalf of

ALMAS

_____

Name: Byeong Chu

Position: President

# EXHIBIT B

Revised Agreement

This revised agreement is based on the agreement on September 24, 2015. This agreement will constitute only the revision of the dates of payment by Olma XXI (Mr. Igor Eliachev) to Almas Caviar co. This agreement will not be modified, altered, or changed by any reasons any more. This is made of as of the date of November 20, 2015 (11/20/2015).

Contents

3rd delivery
1. payments will be three (3) installment payments.
2. Amount: $ 104,000
(1) 1st: Payment on delivery: 11/20/2015
   amount: $ 35,000     *PAID*  # 4170  11/20/15
(2) 2nd: date of payment: January 10, 2016
   (1/10/2016)     # check 4171  1/10/16
   amount: $ 35,000
(3) 3rd: date of payment: January 20, 2016
   amount: $34,000     # check 4172  1/20/16

4th delivery
1. delivery date: until 1/15/206
2. payment date: April 15, 2006 ( 4/15/2016)     I.E  01/11/16

part delivery: siberian 30 kg
B. hybrid:

3.  amount: $ 104,000

5th delivery
1.  delivery date: until 2/15/2016
2.  payment date: April 5, 2016 (4/5/2016)
3.  amount: $104,000

6th delivery
1.  delivery date: until 3/15/2016
2.  payment date: April 15, 2016 (4/15/2016)
3.  amount: $ 102,435
4.  amount of 4th delivery will be added
5.  total amount of payment: $102,435 + $104,000
$$=\$ 206,435$$

This agreement is made by both parties in mutual understandings. This will not be modified or changed by any reasons.

Signed by Olma XXI
CEO/President _____

Signed by Almas Caviar
President _____

# 2nd Revised Agreement

This is the revised agreement in relation to the matter of delay of the 4th delivery of caviar by Almas Caviar Co. to Olma XXI, on the basis of the following fact and circumstance conveyed by Mr. Sang Hun Han, CEO and President of Almas Caviar Co (Hae Yang Fisheries Co:147 Yeonhapgangbyeon-gil, Geumga-myeon, Chungju-si, Chungcheongbuk-do, Republic of Korea)

1. <u>Subject matter</u>:  delay of 4th delivery
2. <u>Reason</u>:  The Korean government (KFDA) has informed that they will perform the inspection of caviar for detecting (1) any harmful chemicals or ingredients; for checking (2) Labeling; and for identifying (3) DNA.
3. <u>Expected 4th delivery</u>: As soon as the inspection is finished.

4. Date agreed on: 11th of January, 2016

Here, both parties recognize and agree to the delay of the fourth delivery of caviar as the above-mentioned fact and circumstance and hereby sign in relation to it.

Signed by _____ Igor Eliachev   01/11/16

Signed by _____ Byeong Chu

G**M**ail
by Google

Byeong Chu <byeongchu12@gmail.com>

---

## 3rd Revised Agreement
1 message

**Olma XXI, Inc** <olmaxxi@gmail.com>      Wed, Feb 24, 2016 at 1:29 PM
To: "Olma XXI, Inc" <olmaxxi@gmail.com>, Byeong Chu <byeongchu12@gmail.com>

# Third Revised Agreement

Date: February 24, 2016

This is the 3rd revised agreement in connection to the matter of 4th, 5th, 6th
delivery of caviar and payments originally made as a date of
September 24, 2015 between Almas Caviar Co and Olma XXI, on the basis of the
followings:

1. Delivery Dates by Almas Caviar to Olmas XXI
   (i) 4th delivery: until 4/30/2016
   (ii) 5th delivery: until 5/30/2016
   (iii) 6th delivery: until 6/30/2016

2. Dates of Payments by Olma XXI to Almas Caviar
   1st Option Payment
   (i) On 9/15/2016: $ 100,000.00
   (ii) On 10/15/2016: $100,000.00
   (iii) On 11/15/2016: $86,585.00

   2nd Option Payment ( According to the circumstances of Lounge Operation 420
   Amsterdam Ave. NY)
   (i) On 6/15/2016:  $100,000.00
   (ii) On 7/15/2016:  $100,000.00
   (iii) On 8/15/2016: $ 86,585.00

Here, both parties understand and agree to the revised delivery dates and
payments dates of the 4th, 5th, and 6th of caviar
delivery and payments and hereby sign in relation to it.

Printed and signed by_____ Igor Eliachov

Printed and signed by _____ Byeong Chu

—

*Best Regards,*

*Igor Eliachov*
*OLMA XXI, Inc*
*T: 718-675-0706*
*F: 718-675-7640*
*www.olmafood.com*

# EXHIBIT C

2/20/2017                                      Gmail - Almas Caviar

 Gmail                                     Byeong Chu <byeongchu12@gmail.com>

## Almas Caviar
3 messages

**Byeong Chu** <byeongchu12@gmail.com>                      Thu, May 12, 2016 at 7:40 AM
To: "Olma XXI, Inc" <olmaxxi@gmail.com>

Dear my friend Igor,

How are you doing in Miami?

As per <u>4th delivery</u> of caviar, I hereby convey the following summary for your reference.

As a part of the <u>4th delivery</u> of caviar,

<u>On 1/11</u>, the type and quantiy of the caviar which was delivered to you:

  1) Siberian (Baerii)  +  B. Hybrid
  2) **30kg**  x $ 295  +  **10kg** x $ 1500
  3) total: $ 23,850.00
  4) Paid on 4/15/2016


<u>On 5/17</u>, the type and quantity of the remaining caviar to be delivered to you:

  1) Siberian (Baerii)  +  B. Hybrid
  2) **170kg** x $295  +  **20kg** x $ 1500
  3) total: $ 80,150.00
  4) to be paid on 6/15/2016  (issue a check available on 6/15/2016)


Thank you and enjoy the better caviar than Karat.

Best,

Byeong,


**Igor Eliachov** <olmaxxi@gmail.com>                      Thu, May 12, 2016 at 9:54 AM
To: Byeong Chu <byeongchu12@gmail.com>

Dear my friend, please check last agreement with new payments schedule (Sept,Oct,Nov).Sorry, I don't have paperwork now, I call you 05/17

Best regards, Igor

Sent from my iPad

> On May 12, 2016, at 7:40 AM, Byeong Chu <byeongchu12@gmail.com> wrote:
>
> Dear my friend


**Byeong Chu** <byeongchu12@gmail.com>                      Fri, May 13, 2016 at 12:25 AM
To: girin5855@hotmail.com

———— Forwarded message ————
From: **Igor Eliachov** <olmaxxi@gmail.com>

2/20/2017                                    Gmail - Almas Caviar

Date: Thu, May 12, 2016 at 10:54 PM
Subject: Re: Almas Caviar
To: Byeong Chu <byeongchu12@gmail.com>

Dear my friend, please check last agreement with new payments schedule (Sept,Oct,Nov).Sorry, I don't have paperwork now, I call you 05/17

Best regards, Igor

Sent from my iPad

> On May 12, 2016, at 7:40 AM, Byeong Chu <byeongchu12@gmail.com> wrote:
>
> Dear my friend

EXHIBIT D

# ALMAS CAVIAR AMERICA, LLC
## (HAE YANG FISHERIES CO.)

64 North Browning Avenue
Tenafly, NJ  07670
Tel: (201) 218-2403
Fax: (201) 541-1260

**BILL TO:**
OLMA  FOOD
**204 28ᵗʰ  ST.**
**Brooklyn, NY 11232**
**(718) 675-0706**

**INVOICE**    Date: 05/18/2016                    Invoice Number: 160518

| Goods Description | Number & Packaging | Quantity | Unit Price | Amount |
|---|---|---|---|---|
| Sturgeon Caviar Acipenser baerii | One hundred seventy 1  kg tin cans | 170  kg | $ 295.00/kg | $50,150.00 |
| Huso huso(x) x Acipenser ruthenus(y) | Twenty 1 kg tin cans | 20 kg | $1,500.00/kg | $30,000.00 |

| Total | | | | $80,150.00 |
|---|---|---|---|---|

Hand-delivered products must be immediately inspected before both parties (purchaser and supplier) and, once the purchaser is satisfied, no return of the product is allowed for refund.

# EXHIBIT E



# EXHIBIT F



**Olma Igor**
+1-646-996-4746

2016년 9월 12일 월요일

Dear Ms. Han I'm deeply saddened by the loss of Mr. Chu. Please accept my condolences, just know that I am here for you, and please do not h

SMS 오후 12:45

arrive to USA I'll give you a new check.

메시지를 입력하세요.

**Olma Igor**
+1 646-996-4746

Best regards
Igor Eliachov

SMS 오후 12:45

ach out, especially during this difficult time. A few weeks ago we were talking about rescheduling our payment 09.15.16 for 2-3 months later

SMS 오후 12:45

Dear Mr.

메시지를 입력하세요.



**Olma Igor**
+1-646-996-4746

Dear Mr. Eliachov:

Thank you for your texts. Is it possible for you to send us a part of the total amount for the September 15th payment first and the rest later? Please let us know. I will be back on the 19th.

메시지를 입력하세요

EXHIBIT G



**Olma Igor**
휴대전화

메시지     사진 및 동영상     eGift     콘택트 렌즈     무래

10min

        Ok

16/10/7 오후 3:06

I am ok

    When can you give us 4th payment?

16/10/7 오후 3:20

Are you there?    Can you give us that payment by November 15th?

16/10/7 오후 3:33

I did ask Mr.Chu transfer payment to 12/15/16 because i nave over stack old caviar .

16/10/7 오후 3:40

**Olma Igor**
휴대전화

12/15/16 because i have over stack old caviar .

16/10/7 오후 3.40

Last time,  you said that you asked it 2 to 3 months?      How about a little bit earlier?

16/10/7 오후 3:56

I trying pay earlier,but my stack over $70K(excluded last delivery) it's freeze many.Customers don't like quality this caviar and often not returning for

buy more.

So, you can pay the 4th payment by December 15th.     When do you send a new check ?

16/10/7 오후 4:22

Start December

메세지를 입력하세요...




메세지를 입력하세요...





buy more.

So, you can pay the 4th payment by December 15th.         When do you send a new check ?

16/10/7 오후 4:22

Start December

Or early

What do you mean that start December or early?

16/10/7 오후 4:48

Are you still busy?

16/10/7 오후 5:15

My balance $80150.00 I going pay 12/15/16

16/10/7 오후 5:20

16/10/7 오후 5:20

I see. We would like to make our 5th delivery in October. Is it okay?

16/10/7 오후 6:32

I would like transfer 5th delivery on December

16/10/25 오후 4:34

Hi Jung! Can I have email address Mr.Han?

16/11/22 오전 9:11

Hello Igor!
Happy Thanksgiving Day!

16/11/24 오전 7:53

Thank you very much, same to you!

16/12/1 오전 8:54

메세지를 입력하세요...    

메세지를 입력하세요...   

EXHIBIT H





# O L M A –XXI, INC.

### *Wholesale Distributors of Food*
### *Packing · Import · Export*

204 28th Street
Brooklyn NY 11232

Tel: **718-675-0706**
Fax: **718-675-7640**
e-mail: **olmaxxi@gmail.com**
Web site: **olmafood.com**

December 1, 2016

Dear Mr. Han,

Please accept my condolences on the passing of Mr. Chu once again.

Unfortunately I do not have your direct email address that is why I am sending this letter through Mrs.Jung.
As you are aware of I have been trying to sell your products to American market for a few years.
During our meeting at Korea I have explained the difference between your products and the similar American market products: your products are less in fat and have no particular flavor/ taste. That is why even though with our aggressive advertising and marketing campaign we have very low sales. Our survey shows that 75% of our Beluga Hybrid and Siberian Osetra customers do not buy these products for the second time. In comparison, 80% of the first time buyers of our Russian Osetra Karat caviar (Israel) and White Sturgeon caviar (Italy) become our permanent customers.
Besides our advertising, marketing, storing, packing, etc costs we happen to freeze our funds for the goods which are not sold or sold slowly.

A few weeks ago we started selling Siberian Osetra caviar commodities out of the last shipment and lost some customers who used to purchase Siberian Osetra products from our company.
We have received a lot of complains on the over salted and artificial fishy taste of some tins.

To tell you the truth I am extremely frustrated with these products and do not see any other way but to exchange or return them.  I understand this issue is very unpleasant for both sides.
I can assure you I did my best trying to solve this problem myself but failed.

Hope for your kind understanding and cooperation.

Look forward to hearing back from you,

Igor Eliachov
President

# EXHIBIT I

# ALMAS CAVIAR AMERICA, LLC
## (HAE YANG FISHERIES CO.)

64 North Browning Avenue
Tenafly, NJ 07670
Tel: (551) 497-3934
Fax: (201) 541-1260

Igor Eliachov
President
OLMA-XXI, Inc.
204 28th Street,
Brooklyn, NY 11232

December 11, 2016

Dear Mr. Eliachov:

We write in response to your letter dated December 1, 2016.

As you know, Almas Caviar America, LLC ("Almas") has been in business with your company, Olma – XXI, Inc. ("Olma") since 2013. Based on the proven quality of our products, you and Olma entered into an agreement with Almas on September 24, 2015 (the "Agreement"). Pursuant to the terms of the Agreement, Olma agreed to purchase in six shipments 1000kg of caviar (830kg of Siberian Osetra (Acipenser Baerii) and 170kg of Beluga Hybrid (Huso Huso(x) x Acipenser Ruthenus(y))) at a reduced price. The reduced price was contingent upon Olma's purchase of 1000kg of our products.

Delivery and payment on three out of the six shipments were made in 2015 and 2016. After modification of the dates for further delivery and payment by both parties, part of the fourth shipment was made on January 11, 2016 (30kg of Siberian Osetra and 10kg of Beluga Hybrid). Olma made a payment for this partial shipment on April 15, 2016. The rest of the fourth shipment was made on May 18, 2016 (170kg of Siberian Osetra and 20kg of Beluga Hybrid), after your approval of a sample on April 17, 2016. Payment on the rest of the fourth shipment was to be made on September 15, 2016. However, you sought an extension of the time to make your payment, and it was extended to December 15, 2016.

Please be advised that we stand by the quality of our products. You approved all of the shipments made to you. As such, your letter dated December 1, 2016, written approximately seven (7) months after delivery of our fourth shipment, comes as a surprise. As you know, it is our company policy that once a customer has inspected and approved

1

our products, no returns are permitted. Please also be advised that the Agreement was not made contingent upon your ability to market and sell the products. Accordingly, we expect that the Agreement will continue as agreed.

In the event that you are seeking a modification of the Agreement, please make clear your intention to do so. We are open to discussions.

Sincerely,

Jung Shin Chu
President
Almas Caviar America, LLC

EXHIBIT J



Olma Igor
휴대전화

almascaviarus@gmail.com

16/12/1 오전 11:24

Or. Jungshinchu@gmail.com

16/12/5 오후 12:23

Did you receive email from me?

16/12/5 오후 5:21

Yes. Now I am in Korea.

16/12/5 오후 5:26

Look forward to hearing from you

16/12/15 오전 9:15

Hi Igor.
I have not heard from you. I will be
depositing the check for the 4th
shipment today. Have a good day.



 메세지를 입력하세요...  

EXHIBIT K

 **Gmail**                                        Jung Shin Chu <jungshinchu@gmail.com>

---

## Attn. Mr. Han

---

**Olma XXI, Inc** <olmaxxi@gmail.com>                        Thu, Dec 15, 2016 at 4:00 PM
To: Jung Shin Chu <jungshinchu@gmail.com>

Dear Jung,

As you are probably informed, due to the poor quality of the product out of the forth shipment which was made on January 11, 2016 we had very low sales and paid overstock.

I had visited Korea and discussed with Mr. Han the quality of the caviar right before the last shipment. After our discussion I received a better quality sample.

We started sale from the last shipment only in November 2016.  Unfortunately the quality of the caviar was not as good as the sample.

At the moment all our customers have returned a purchased Siberian Osetra for a refund or exchange.

I have described the given situation to Mr. Han in my letter but have not received his response yet.

Dear Jung, we have to either return these products or exchange them to the products with the better quality.

Our payment for the last shipment will remain on hold until you issue your decision on this matter.

Look forward to hearing back from you.

[Quoted text hidden]
--

**Best Regards,**

**Igor Eliachov**
**OLMA XXI, Inc**
**T: 718-675-0706**
**F: 718-675-7640**
**www.olmafood.com**

EXHIBIT L

Chase Online -

Chase Online

Returned deposit item details for PERFBUS CHK (...6192)

Download details for returned items

Number of returned checks   1

Post date   12/20/2016

### Checks Returned

| Check Number | Amount | Account | Routing Number | Reason for Return | Action |
|---|---|---|---|---|---|
| 000000004606 | $80,150.00 | ▇▇1609 | ▇▇1438 | Stop Payment | Hide |

Explanation
This check was returned unpaid because your Payor has asked to stop the payment.



Front
Back
Enlarge
Print
See deposit details

Need help printing or saving this check?

© 2016 JPMorgan Chase & Co.

# EXHIBIT M

**Kyu Hee Chu, Esq.**
725 Broad Ave., Apt. 5
Ridgefield, NJ 07657
201) 421-7517

January 10, 2017

First Class & Certified Mail
Igor Eliachov
President
OLMA-XXI, Inc.
204 28th Street,
Brooklyn, NY 11232

**RE: OLMA-XXI, Inc.'s Breach of Agreement between OLMA-XXI, Inc. and Almas Caviar America, LLC dated September 24, 2015**

Dear Mr. Eliachov:

I write on behalf of Almas Caviar America, LLC ("Almas") with regards to the above-referenced matter.

On September 24, 2015, Almas and OLMA-XXI, Inc. ("Olma") entered into an agreement pursuant to which Olma agreed to purchase 1,000 kgs of caviar from Almas in six shipments throughout the course of 2015-2016 (the "Agreement").

Pursuant to the terms of the Agreement, addenda and further agreement, part of the fourth shipment was delivered on January 11, 2016. The rest of the fourth shipment (170 kgs of Siberian Osetra and 20 kgs of Beluga Hybrid) was delivered on May 18, 2016 (the "Shipment").

Payment of $80,150.00 for the Shipment was due on September 15, 2016 and extended at your request to December 15, 2016. Olma has not made any payment to Almas for the Shipment. Accordingly, Olma is in breach of the Agreement.

Demand is hereby made for immediate payment of the full amount owed for the Shipment. Your request to return or exchange the products is denied.

Please be advised that if payment on the Shipment is not made in full within seven (7) days of the date of this letter, Almas intends to pursue all available legal remedies against Olma to recover the amount due for the Shipment, as well as all losses suffered arising from the fifth and sixth shipments, together with all costs, fees and disbursements incurred in enforcing the Agreement.

Kindly be guided accordingly. If you wish to discuss this matter, please do not hesitate to call me.

Sincerely,

Kyu Hee Chu, Esq.